**NATIONAL LABOR RELATIONS BOARD**

v.

**NASHUA MANUFACTURING CORPORATION OF TEXAS.**

No. 15204.

United States Court of Appeals, Fifth Circuit.

Jan. 21, 1955.

George J. Bott, General Counsel, Frederick U. Reel, Abraham Siegel, Washington, D. C., Victor H. Hess, Jr., New Orleans, La., A. Norman Somers, Marcel Mallet-Prevost, Assistant General Counsels, David P. Findling, Associate General Counsel, Washington, D. C., for National Labor Relations Board.

I. M. Lux, Kansas City, Mo., for respondent.

Before HUTCHESON, Chief Judge, BORAH, Circuit Judge, and DAWKINS, District Judge.

HUTCHESON, Chief Judge.

Upon findings that respondent had, in violation of the Act, interrogated its employees concerning their union affiliations and had made statements and taken attitudes designed and calculated to discourage them from assisting or being members of a union, the examiner concluded and recommended that it be required to cease and desist from such practices.

The Board, in a decision and order reported in 108 N.L.R.B. 117, approved the findings of the examiner, entered the order recommended by him, and is here, by petition, brief, and oral argument, seeking its enforcement.

Respondent, in a vigorous brief and argument, citing cases in support, challenges findings of the examiner as without support in the evidence, and insists that, upon the view of the evidence most

favorable to the Board, the things said and done were not in violation of the Act, and upon the authority of N.L.R.B. v. Montgomery Ward & Co., 2 Cir., 192 F.2d 160, that the order forbidding the interrogation of employees was too broad.

An examination of the evidence, as Board and respondent set it out, convinces us that, fairly considered, the evidence supports the findings of examiner and Board. Since, however, the order is too broad in unqualifiedly forbidding mere interrogation of employees concerning their union affiliations, the order will be amended by inserting before the word "interrogating" the words "coercively or otherwise unlawfully". As thus amended, the order will be enforced.

Amended and enforced.